IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 6:10-296 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| JAMAD ALI | ) | |
| | ) | |

**General Provisions**

This PLEA AGREEMENT is made this 5th day of July, 2011, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Mark Moore; the Defendant, **JAMAD ALI**, and Defendant's Attorney, Kenneth Gibson, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1.  The Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment now pending.

    In order to sustain its burden of proof as to these offenses, the Government is required to prove the following:

**Count 1**

    (A)    The conspiracy was knowingly and wilfully formed and was in existence on or about the dates set forth in the Superseding Indictment

    (B)    The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and

    (C)    The defendant distributed 5 kilograms or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to the defendant and within the scope of his agreement.

### Possible Penalties for 21 U.S.C. §846

A mandatory term of twenty years, a maximum of life, a maximum fine of $8 million dollars, a term of supervised release of 10 years and a $100.00 special assessment.

### Count 2

    (A)    The conspiracy was knowingly and wilfully formed and was in existence on or about the dates set forth in the Superseding Indictment; and

    (B)    The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose.

### Possible Penalties for 18 U.S.C. §1956(h) and 1957

A maximum sentence of ten years, a maximum fine of $250,000.00, a term of supervised release of 3 years and a $100.00 special assessment.

2.    The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)    <u>Fines:</u> The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

   (B) <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the

Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

8. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's

nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to effectuate such transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

The Defendant also consents to the entry of a personal money judgment against the Defendant and in favor of the United States in the amount of $3,000,000.00 in United States currency, with interest, as of the date of entry of judgment.

### Merger and Other Provisions

9.  The parties agree that if the Defendant readily demonstrates acceptance of responsibility by pleading guilty, abiding by **all** terms of this agreement and by not falsely denying or frivolously contesting otherwise provable relevant conduct, that USSG § 3E1.1(a)

applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

10. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives his right of direct appeal only in the event that he receives a

sentence of less than life imprisonment; he further waives the right to contest either the conviction or the sentence in any post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver with respect to rights to lodge a collateral attack does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

12. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. The parties agree that if the Defendant complies with ALL the terms of this Agreement, the appropriate sentence in this case is a sentence of 20 years incarceration, followed by a ten year term of supervised release, running concurrently as of the date of sentencing with the federal sentence(s) Defendant is currently serving. The parties also agree that if the Defendant so complies and the Court rejects this sentence as the appropriate disposition, the Defendant will be allowed to withdraw his plea of guilty. Fed.R.Crim.P. 11(c)(1)(C).

14. The Defendant stipulates and agrees that he has at one prior felony drug conviction(s) that has/have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him to a mandatory minimum term of twenty years on Count 1 of the Superseding Indictment. The Defendant further

stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph..

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

July 5, 2011
DATE

July 5, 2011
DATE

JAMAD ALI, Defendant

Kenneth Gibson
Attorney for the Defendant

-8-

July 5, 2011
DATE

BY:

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

Mark Moore
Assistant U. S. Attorney

-9-