IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | ) |
| | )    Cr. No. 6:10-296-HMH |
| vs. | ) |
| | )    **OPINION & ORDER** |
| Jamad Ali, | ) |
| | ) |
|               Movant. | ) |

This matter is before the court on Defendant Jamad Ali's ("Ali") pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the court denies his motion.

**I. BACKGROUND**

On July 5, 2011, Ali pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 841(b)(1)(A) and 851, and one count of money laundering in violation of 18 U.S.C. § 1956. Ali's statutory mandatory minimum was 20 years to life imprisonment. On October 25, 2011, Ali was sentenced to 240 months' imprisonment. Ali filed a notice of appeal, which the United States Court of Appeals for the Fourth Circuit dismissed as untimely on March 15, 2012. United States v. Ali, No. 12-4018 (4th Cir. Mar. 15, 2012) (unpublished). Ali filed a motion for compassionate release on September 28, 2020, which was dismissed without prejudice on October 6, 2020. (Mot. Compassionate Release, ECF No. 1048); (Oct. 6, 2020, Order, ECF No. 1049.) On December 18, 2020, Ali filed another motion for compassionate release, seeking release based on the COVID-19 pandemic, which the court denied on January 13, 2021. (Mot. Compassionate Release, ECF No. 1053); (Jan. 13, 2021, Order, ECF No. 1061.) Ali appealed the court's order denying his motion for compassionate release, and the Fourth

1

Circuit affirmed the court's decision on July 23, 2021.  United States v. Ali, No. 21-6171, 2021 WL 3124367 (4th Cir. July 23, 2021) (unpublished).

On October 2, 2024, Ali filed the instant motion for compassionate release.  (Mot. Compassionate Release, ECF No. 1094.)

## II. Legal Framework

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions").  The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(1)-(6).  Under the policy statement, a defendant's

rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. Id. § 3553(a).

### III. DISCUSSION

Ali argues that extraordinary and compelling reasons exist because he has served 228 months of his sentence, his risk of recidivism is low, he "would be sentenced to 188 months" if sentenced today, and there are "no public safety factors." (Id., ECF No. 1094.) Although his guideline range at sentencing was life imprisonment, the court sentenced Ali to 240 months' imprisonment pursuant to a Rule 11(c)(1)(C)[1] plea agreement. This sentence consisted of 240

---

[1] Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure provides as follows:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will: . . . agree that a specific sentence or sentencing range is

months on the conspiracy count and 120 months concurrent on the money laundering count.  If Ali were sentenced today, his guideline sentencing range would still be life imprisonment.  Thus, Ali received a substantial benefit from pleading guilty pursuant to a Rule 11(c)(1)(C) plea agreement.

Ali satisfies one of § 1B1.13(b)(6)'s requirements: he has served "at least 10 years of [his] term of imprisonment."  U.S.S.G. § 1B1.13(b)(6).  However, Ali cannot show that his sentence is "unusually long," and grossly disparate because his current sentencing guideline range remains life imprisonment.  Id.  Ali has failed to show any extraordinary and compelling reasons to support a reduction of his sentence.

Even if Ali could show extraordinary and compelling reasons warranting relief, the court would still deny his motion because the applicable § 3553(a) factors weigh strongly against compassionate release.  Ali's offenses in the instant case were very serious, involving a large and extremely sophisticated drug conspiracy and money laundering.  (PSR ¶¶ 19-29.)  The drug conspiracy continued for a lengthy period of time and involved large amounts of drugs and money and a propensity for violence.  Ali was the "right-hand man" of the leader of the conspiracy.  (Id. at ¶ 75.)  In addition, the members of the conspiracy, including Ali, routinely utilized firearms. (Id. at ¶ 28.)  Further, Ali has an extremely serious and violent prior criminal history, including multiple drug convictions and convictions for manslaughter, felon in possession of a firearm, and assault.  (Id. at ¶¶ 79-84.)

Further, Ali is currently housed in a residential reentry facility and is due to be released on July 25, 2025.  Ali would benefit from the continued provision of reentry services prior to his

---

the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

release from Bureau of Prisons custody. Reducing his sentencing would not "reflect the seriousness of [his] offense," "promote respect for the law," "provide just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B).

## IV. CONCLUSION

For the foregoing reasons, Ali's motion for compassionate release, docket number 1094, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 30, 2024

## NOTICE OF RIGHT TO APPEAL

Ali is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.